UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:20-CR-62 |
| | ) | JUDGE GREER |
| CHIMEZIE R. UCHENNA | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States, through the United States Attorney for the Eastern District of Tennessee, files this sentencing memorandum in accordance with Rule 83.9(j), Local Rules (E.D. Tenn.).

The Government requests that the Court sentence defendant to the low end of his advisory Guideline range (currently calculated at 24 to 30 months).[1] The Government's request is within the advisory Guideline range, properly balances the sentencing factors under 18 U.S.C. § 3553(a), and is a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a).

I. PROCEDURAL BACKGROUND

On August 4, 2020, the Federal Grand Jury returned a 33-count indictment against defendant and others. [Doc. 29]. The indictment charged defendant with conspiracy to violate the laws of the United States in violation of 18 U.S.C. § 371, conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349, and conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a) and 1956(h). *Id.* The Government and defendant entered into a written plea agreement, filed with the Court on March 22, 2022. [Doc. 150]. In accordance

---

[1] An anticipated defense motion for continuance and other potential matters may result in a different range prior to sentencing.

with that plea agreement, on April 4, 2022, defendant entered a guilty plea to one count of conspiracy with bank fraud, money laundering, and aggravated identity theft as objects of the conspiracy. [Doc. 159].

Sentencing currently is set for August 22, 2022, at 3:00 p.m.[2]

## II. FACTUAL BACKGROUND

The facts are outlined in defendant's plea agreement [Doc. 150 at 2-5] and the Presentence Investigation Report ("PSR") prepared in this case. [Doc. 231 at 6-9].

The undisputed facts are simple. Defendant was part of an international identity-theft and money-laundering ring. Defendant's role was that of a runner. He would obtain fraudulent debit cards from organizers of the conspiracy located in the Atlanta area and elsewhere. Defendant would then use those cards to make point-of-sale cash withdrawals and ATM withdrawals. Video surveillance at a Regions Bank ATM in Johnson City, a Walmart in Bristol, Virginia, and a BB&T ATM in Johnson City captured defendant engaged in cash withdrawals of $500, $100, and $800 respectively. Once he obtained the cash, he or others within the conspiracy would keep ten percent (10%) of the proceeds and transport the remaining proceeds to the Atlanta area.

The plea agreement contains surveillance footage that captures defendant in the act. While the overall conspiracy resulted in millions in losses to banks (like Fifth-Third and BB&T) and their credit card processing companies, defendant is responsible for losses between $95,000 and $150,000. Defendant's losses are more than some and the same as others charged in the indictment.

---

[2] An anticipated defense motion may alter that date.

Defendant has been on conditions of release since the date of his arrest, September 10, 2020, without incident. Unlike some of his coconspirators, defendant has no immigration status and faces deportation upon completion of his sentence.

### III. STATUTORY MAXIMUM SENTENCE

Defendant is guilty of conspiracy to commit the offenses of bank fraud, money laundering, and aggravated identity theft in violation of 18 U.S.C. § 371. For that offense, defendant faces a statutory maximum sentence of not more than five years in prison, a fine of not more than $250,000, supervised release of not more than three years, and a special assessment of $100. *See* 18 U.S.C. §§ 371, 3571(b)(1), 3583(b)(2), and 3013(a)(2)(A).

### IV. ADVISORY GUIDELINE RANGE AND GUIDELINE OBJECTIONS

The advisory guidelines are important because, when reviewed on appeal, sentences falling within those guidelines "are generally presumed to be reasonable." *United States v. Muchow*, 924 F.3d 272, 275 (6th Cir. 2019); *see United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (The presumption of reasonableness is appropriate because "there is a confluence between the national views of the Sentencing Commission and the independent views of a sentencing judge, [and] that 'double determination significantly increases the likelihood that the sentence is a reasonable one.") (Citation omitted).

Here, the United States Probation Office in the Presentence Report [Doc. 231] calculated an offense level of 17 and a criminal history category of I. At that level, the sentencing range would be 24 to 30 months.[3]

### V. 18 U.S.C. § 3553(a) FACTORS

---

[3] Motions that may be filed in the future could have impact on that calculation.

The Government's requested Guideline sentence considers the sentencing factors outlined in 18 U.S.C. § 3553(a).

### A. The Nature and Circumstances of the Offense

Initially, the Court must look to the *nature* and *circumstances* of the offense. Conspiracy, bank fraud, money laundering, and aggravated identity theft are serious offenses. Congress has authorized a sentence of up to five years in prison for the offense of conviction here. Within Congress' sentencing scheme, this is a Class D felony and is a serious violation of the law.

The *circumstances* of the case also support the Government's recommended sentence here. The advisory Guidelines capture most of those aggravating circumstances.

Little dispute exists about the far-reaching conspiracy involved here and the substantial financial losses this conspiracy caused. Defendant's role, as a runner, is limited but substantial. While a loss amount of more than $95,000 is just a fraction of the overall losses caused here, defendant was instrumental in stealing close to six figures by trafficking in the names and good reputations of other people.

First, defendant is responsible for between $95,000 and $150,000 of loss. Under Guideline 2B1.1's loss gradations, the more a person steals, the longer their sentence should be. "The purpose of these loss gradations is to ensure that, the more harm the conduct at issue threatens [or causes], the more severely it is punished. In essence, '[t]he Guidelines use loss as a proxy for the seriousness of the fraud.'" *United States v. Simpson*, 538 F.3d 459, 464 (6th Cir. 2008) (citation omitted). Consequently, the loss amount shows the seriousness of defendant's offenses.

The number of victims also shows this offense is aggravated. While defendant may not have appreciated all the banks and card processing companies that the conspiracy victimized, he

4

certainly could appreciate that multiple uses of bankcards in different people's names had to have resulted in massive victimization.

The sophisticated means used and the relocation of the proceeds of the offense from this district to the Northern District of Georgia also show further aggravation. This conduct results in an appropriate two-level increase under U.S.S.G. § 2B1.1(b)(10).

The identity-theft nature of defendant's conduct also merits serious time. The Guidelines impose a two-level increase for using other peoples' identities to create fraudulent access devices. U.S.S.G. § 2B1.1(b)(11). Defendant, through his plea, has also avoided a consecutive two-year sentence for this type of conduct. *See* 18 U.S.C. § 1028A.

Another aggravating circumstance is the repetitive nature of defendant's conduct. The theft here was not an isolated event. Rather, it was repeated behavior by defendant. Available video surveillance in this case captured defendant's conduct in two states and two cities. He stole using ATM machines of two banks and a financial transaction at a store. The geography and target locations were varied. The span of defendant's conduct also showed repeated actions. Surveillance videos captured him in November 2018, March 2019, and August 2019—a period spanning at least 10 months.

Defendant also recruited his girlfriend, Casey Green, to take part in this conspiracy. She did, got caught, and is now a convicted felon.

Finally, the international scope of the crime shows aggravation. Leaders and organizers have now fled the country, and one of the indicted defendants is in Canada. The organization relied primarily upon members of the international community in Johnson City, including defendant, to further the illicit aims of the conspiracy.

5

Case 2:20-cr-00062-JRG-CRW   Document 264   Filed 08/08/22   Page 5 of 9   PageID #: 808

## B. The History and Characteristics of the Defendant

Defendant's history and characteristics offer little meaningful sentencing information. Defendant has no scoring criminal history points. He has complied with all conditions of release and has maintained gainful employment for some period. These matters are neither aggravating nor mitigating, though, for Guideline purposes.

## C. The Statutory Purposes of Sentencing

The need to address the statutory purposes of sentencing also supports a Guideline sentence here. The Government's requested sentence recognizes the seriousness of the offense and provides just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). The requested sentence also will promote respect for the law and the property rights of others. While defendant likely has learned a hard lesson, the sentence must also promote respect for the law by the public.

A guideline sentence also will afford deterrence and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(2)(B) and 3553(a)(2)(C). Deterrence is an important sentencing factor here—perhaps one of the most important. According to a recent 2019 report from the Bureau of Justice Statistics, ten percent (10%) of all United States residents over the age of 16 reported being the victim of some form of identity theft in 2016. E. Harrell, *Victims of Identity Theft, 2016*, 1 (Bureau of Justice Statistics Jan. 2019) (available at https://www.bjs.gov/content/pub/pdf/vit16.pdf). The same report notes that losses from identity theft in 2016 totaled $17.5 billion. *Id.* No real argument can be made that identity theft is not a serious crime, as it affects millions of people and costs victims billions each year. Despite its prevalence, investigating these crimes often proves difficult due to the anonymity of digital transactions and, like here, offenders who travel across district lines to engage in their theft. Deterrence, therefore, is an important sentencing factor for this type of crime.

While defendant likely will be deported, his sentence is one that may be useful in deterring others from committing crimes like this.

### D. The Need to Avoid Unwarranted Sentencing Disparities

The Government's recommended sentence will avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(6).

Initially, the advisory Guidelines are the starting point. A primary reason why Congress established the United States Sentencing Commission and authorized promulgated guidelines was to provide "reasonable uniformity in sentencing by narrowing the wide disparity in sentences imposed for similar criminal offenses by similar offenders." USSG Ch.1, Part A, intro. comment. (n.3).

The Government's recommended sentence will be within the Guideline range and, by definition, supports this factor. When considering this factor, the Court needs only to correctly compute the Guidelines. "For when a district court correctly does so, it has 'necessarily taken into account the need to avoid unwarranted sentence disparities, viewed nationally.'" *United States v. Hymes*, 19 F.4th 928, 935 (6th Cir. 2021) (quoting *United States v. Houston*, 529 F.3d 743, 754 (6th Cir. 2008)).

Statistical data, though not necessary to consider, also lends support to the recommended sentence here. A recent report and study from the United States Sentencing Commission addressed sentences for defendants charged with aggravated identity theft. *See Mandatory Minimum Penalties for Identity Theft Offenses in the Federal Criminal Justice System* (U.S. Sent. Comm. Sept. 2018) (located at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2018/20180924_ID-Theft-Mand-Min.pdf ). In its report, the Sentencing Commission noted that the average sentence for defendants whose convictions

included a 1028A charge was 51 months, and the average sentence for identity theft offenders who were not convicted under 1028A was 37 months. *Id.* at 29. The study noted that the average loss amount for those convicted under 1028A was $189,000. *Id.* at 25.

Finally, when looking at this factor, appeals to actual or potential sentences of other conspirators is a non-starter, legally and factually. Legally, the Sixth Circuit "has been clear that, 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,' does not apply to co-conspirators." *United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010) (quoting 18 U.S.C. § 3553(a)(6)). Instead, this "factor concerns national disparities between defendants with similar criminal histories convicted of similar criminal conduct-not disparities between co[conspirators]." *Id.* (quoting *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir.2008)). Factually, most disparity here will result from proper Guideline enhancements such as varying loss amounts and other permitted Guideline departures.

A Guideline sentence serves this statutory sentencing factor.

### E. The Need for Restitution

Restitution in this case provides no reason for a non-guideline sentence. *See* 18 U.S.C. § 3553(a)(7). The United States will be requesting that loss be apportioned to defendant under 18 U.S.C. § 3664(h). Based on communications with counsel, the United States understands that request will not be opposed, and the apportioned loss amount should be $95,000. Defendant has no real means of repaying that sum prior to incarceration, and an anticipated deportation after incarceration shows little prospects for recovering restitution from defendant.

8

## VI. CONCLUSION

For the reasons outlined above, the Government respectfully requests that the Court sentence defendant to a sentence at the low end of his advisory Guidelines.

Respectfully submitted, this 8th day of August, 2022.

>FRANCIS M. HAMILTON III
>UNITED STATES ATTORNEY
>
>By: */s/ Mac D. Heavener III*
>Mac D. Heavener III (FL Bar #0896748)
>Assistant United States Attorney
>220 West Depot Street, Suite 423
>Greeneville, TN 37743
>(423) 639-6759
>Email: mac.heavener@usdoj.gov